# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TEKNI-PLEX, INC. and )
TRI-SEAL OPCO, LLC, ) C.A. No. N20C-09-062 AML CCLD
)
      Plaintiffs, )
)
      v. )
)
LLFLEX, LLC, )
)
      Defendant. )

**Submitted: March 18, 2021**
**Decided: April 22, 2021**

**Upon Defendant's Motion to Strike Jury Trial Demand – DENIED**

## ORDER

In 2018, one of the plaintiffs agreed to purchase the defendant's wholly owned subsidiary. In the purchase agreement, the parties mutually waived their right to a jury trial for any claims arising out of or relating to the agreement. The parties to the purchase agreement also anticipated entering into a separate agreement regarding transition services, and a proposed form of that transition agreement was an exhibit to the purchase agreement. A month after they signed the purchase agreement, the parties entered into a formal transition services agreement. In September 2020, the plaintiffs filed this action alleging the defendant violated the transition services agreement. The complaint demanded a jury trial and only asserted claims related to the transition services agreement, not the purchase agreement. The defendant now

1

moves to strike the complaint's jury trial demand on the ground that the jury trial waiver in the purchase agreement extends to all related transactions and agreements. Because the waiver expressly was limited to the purchase agreement, and the plaintiffs' claims all are asserted under a separate agreement, the defendant's motion is denied.

## FACTAUL & PROCEDURAL BACKGROUND

1.      The parties manufacture packaging materials.  On May 11, 2018, Plaintiff Tekni-Plex entered into the Membership Interest Purchase Agreement ("Purchase Agreement") with Defendant LLFlex, LLC under which Tekni-Plex agreed to purchase Tri-Seal, a wholly owned subsidiary of LLFlex.[1]  Section 9.12 of the Purchase Agreement contains a jury trial waiver, which states:

> EACH PARTY HERETO HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY AND WITH AND UPON THE ADVICE OF COMPETENT COUNSEL IRREVOCABLY WAIVES ALL RIGHT TO TRIAL BY JURY IN ANY LITIGATION, ACTION, PROCEEDING, CROSS-CLAIM, OR COUNTERCLAIM IN ANY COURT (WHETHER BASED ON CONTRACT, TORT, OR OTHERWISE) *ARISING OUT OF, RELATING TO OR IN CONNECTION WITH (i) THIS AGREEMENT* OR THE VALIDITY, PERFORMANCE, INTERPRETATION, COLLECTION, OR ENFORCEMENT HEREOF. . . .[2]

2.      On its first page, the Purchase Agreement defines "Agreement" as the Membership Purchase Agreement.[3]  The Purchase Agreement also contains a

---

[1] Pls.' Resp., Ex. A, at 1.
[2] *Id.* at § 9.12 (emphasis added).
[3] *Id.* at 1.

2

standard merger clause. Section 9.3 ("Entire Agreement") states, "[t]his Agreement and the Schedules and exhibits hereto and the other documents delivered by the parties in connection herewith contain the complete agreement between the parties hereto with respect to the Contemplated Transactions and supersede all prior agreements and understandings between the parties hereto with respect thereto."[4] The Purchase Agreement defines "Contemplated Transactions" as, "the transactions contemplated by this Agreement, including for the avoidance of doubt, (a) *the transactions contemplated by the ancillary documents* delivered by the parties in connection herewith . . . ."[5]

3.      Attached as Exhibit C to the Purchase Agreement was a form agreement for Defendant to support Tekni-Plex during Tri-Seal's transition to Tekni-Plex ownership. The Purchase Agreement contemplated that Tekni-Plex and LLFlex later would enter into a transition services agreement substantially in the form of Exhibit C.[6] On June 18, 2018, Defendant and Tekni-Plex entered into the Transition Services Agreement ("TSA") that forms the basis for the claims in this action.[7] Tri-Seal was not a party to the TSA.[8] On September 4, 2020, Tekni-Plex and Tri-Seal (collectively "Plaintiffs") filed a complaint alleging LLFlex breached the TSA by

---

[4] *Id.* at § 9.3.
[5] *Id.* at 2-3 (emphasis added).
[6] *Id.* at 15.
[7] Pls.' Resp., Ex. B, at 1.
[8] *Id.*

3

failing to pay for certain goods Plaintiffs manufactured for LLFlex. Defendant filed a Motion to Strike Plaintiffs' Jury Trial Demand (the "Motion"), Plaintiffs responded, and the Court took the Motion under advisement after oral argument.

**PARTIES' CONTENTIONS**

4.      Defendant argues Section 9.12 of the Purchase Agreement is a clear and unambiguous jury trial waiver that applies to all Plaintiffs' claims arising out of the TSA.[9] Defendant effectively contends Section 9.3 defines "Agreement" to include all schedules, exhibits, and other documents delivered in connection with the Purchase Agreement.[10] Defendant asserts the TSA was part of the Agreement because it both was delivered in connection with the Purchase Agreement and was attached to it as Exhibit C.[11] In other words, under Defendant's interpretation of the Purchase Agreement, Tekni-Plex waived its right to a jury trial in this action because the TSA falls within Section 9.12's meaning of "this Agreement."[12]

5.      Plaintiffs acknowledge the Purchase Agreement contains an enforceable jury trial waiver. Plaintiffs, however, assert the waiver does not extend to claims arising under the TSA because it is a separate agreement.[13] Contrary to Defendant's assertion, Plaintiffs maintain the TSA was not an exhibit to the Purchase

---

[9] Def.'s Mot. at 5.
[10] *Id.* at 6.
[11] *Id.*
[12] *Id.*
[13] Pls.' Resp. at 3-4.

4

Agreement because Exhibit C merely was a form of what eventually would become the TSA.[14] Plaintiffs contend this is evidenced by the fact that the Purchase Agreement defines the TSA as an "agreement in the form of Exhibit C."[15] Plaintiffs argue the mere fact that the Purchase Agreement references the TSA does not mean the Purchase Agreement's provisions apply to the TSA.[16] Plaintiffs also point out that the TSA and the Purchase Agreement have different parties, serve different purposes, and were executed on different dates.[17] Accordingly, Plaintiffs maintain the Purchase Agreement's jury trial waiver does not extend to the TSA.

## ANALYSIS

6.     Article I, Section 4 of the Delaware Constitution recognizes the right to a trial by jury in certain civil actions.[18] Although this right is significant, a party may waive their right to a jury trial in several ways, including by contract.[19] "As a general matter, courts construe jury trial waivers narrowly and indulge every reasonable presumption against the waiver."[20] But courts routinely enforce jury trial waivers and interpret broadly worded waivers according to their plain meaning.[21]

---

[14] *Id.* at 4.
[15] *Id.* at 5.
[16] *Id.* at 4.
[17] *Id.* at 5.
[18] Del. Const., Art. 1, § 4.
[19] *In re Daimler Chrysler AG Sec. Litig.*, 2003 WL 22769051, at *2 (D.Del. Nov. 19, 2003), *aff'd* 502 F.3d 212 (3d. Cir. 2007).
[20] *Id.* at *2.
[21] *Id.*

When a jury trial waiver is clear and unambiguous, a court charged with construing the waiver will look no further than the four corners of the document memorializing it.[22]

7.     Purchase Agreement Section 9.12 waives the right to a jury trial for claims arising out of and relating to "this Agreement." Defendant relies on Section 9.3 to support its position that the TSA falls within the definition of "Agreement." But Section 9.3 is not definitional. Rather, it is a standard merger clause that eliminates prior agreements and understandings. "Agreement" expressly is defined on page one of the Purchase Agreement as "[t]his MEMBERSHIP INTEREST PURCHASE AGREEMENT."[23] This definition of "Agreement" does not include the TSA.

8.     Defendant is correct that "Contemplated Transactions" includes the TSA. But Section 9.12 does not extend the jury trial waiver to "Contemplated Transactions." The provision's language limits the waiver to litigation relating to or arising out of the Agreement. If the parties intended Section 9.12 to include the Contemplated Transactions, they could have said so. In fact, several other provisions in the Purchase Agreement specifically refer to both the Agreement and

---

[22] *CIT Communications Finance Corp. v. Level 3 Communications, LLC*, 2008 WL 2586694, at *5 (Del. Super. June 6, 2008) (citing *In re Daimler Chrysler AG Sec. Litig.*, 2003 WL 22769051, at *2).

[23] Pls.' Resp., Ex. A, at 1.

the Contemplated Transactions.[24] Moreover, if the definition of Agreement included all Contemplated Transactions, then language in the Purchase Agreement referring to the "Agreement and Contemplated Transactions" would be redundant. Delaware law eschews this interpretation. "Delaware courts have consistently held that an interpretation that gives effect to each term of the agreement is preferrable to any interpretation that would result in a conclusion that some terms are uselessly repetitive."[25] Given the references throughout the Purchase Agreement to the "Agreement" and the "Contemplated Transactions" as distinct concepts, it is clear Section 9.12's "Agreement" language does not include every Contemplated Transaction.

9. Defendant's reliance on *Coface Collections North America, Inc. v. Newton*[26] is misplaced and supports the interpretation discussed above. In *Coface*, the trial court held that a jury trial waiver in an asset purchase agreement extended to claims based on an employment agreement entered into in connection with the purchase agreement.[27] The jury trial waiver in *Coface*, however, was much broader than the Purchase Agreement's waiver. The parties in *Coface* waived any right to a

---

[24] *See, e.g., id.* at § 7.1 ("This Agreement may be terminated and the Contemplated Transactions may be abandoned . . . . "); *id.* at § 8.11 ("this Agreement or the Contemplated transactions . . . . ").

[25] *O'Brien v. Progressive Northern Ins. Co.*, 785 A.2d 281, 287 (Del. 2001).

[26] 2012 WL 3782432 (D.Del. Aug. 31, 2012).

[27] *Coface Collections North America, Inc. v. Newton*, 2012 WL 3782432, at *1-4 (D.Del. Aug. 31, 2012).

7

jury trial "in respect of any litigation directly or indirectly arising out of or relating to [the agreement] *and any of the agreements delivered in connection herewith* or the Contemplated Transactions."[28] That is, the *Coface* jury trial waiver expressly covered "contemplated transactions" and any agreements delivered in connection with the primary agreement. No such language is present in the Purchase Agreement's jury trial waiver. Rather, Section 9.12 only covers "this Agreement," which, as discussed above, is defined as the Purchase Agreement only.[29] Accordingly, Section 9.12 did not waive Plaintiffs' right to a jury trial for claims arising out of the TSA.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Strike Plaintiffs' Jury Trial Demand is **DENIED.**

**IT IS SO ORDERED.**

Abigail M. LeGrow, Judge

---

[28] *Id.* at *1 (emphasis added).
[29] Pls.' Resp., Ex. A, at 1.